IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

PEGGY A. WARRICK, )
)
    Plaintiff, )
)
v. ) CV 105-168
)
JO ANNE B. BARNHART, )
Commissioner of Social Security )
Administration, )
)
    Defendant. )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Peggy A. Warrick ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Period of Disability and Disability Insurance Benefits under the Social Security Act. Upon consideration of the briefs submitted by counsel, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Based upon claims of disability dating back to April 5, 2000, Plaintiff applied for disability insurance benefits on May 15, 2001.[1] Tr. ("R."), pp. 86-88. The Social Security Administration denied her original claim and her request for reconsideration. R. 62-65, 67-70. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 61. After a hearing in which Plaintiff, who was accompanied by a representative who was not an attorney, testified on her own behalf and in which a vocational expert ("VE") gave testimony, the ALJ issued an unfavorable decision dated May 14, 2004. R. 35-44.

Plaintiff then timely requested review by the Appeals Council ("AC"), and on August 5, 2004, the AC vacated the ALJ's decision and remanded the case for additional proceedings, including evaluating Plaintiff's mental impairment in accordance with the special technique described in 20 C.F.R. § 404.1520a. R. 73-76. Specifically, the AC directed the ALJ to, *inter alia*, "document[] application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. § 414.1520a(c)." R. 76.

After the second hearing in which Plaintiff, who was accompanied by a representative who was not an attorney, testified on her own behalf and in which a VE gave testimony, the ALJ issued an unfavorable decision dated February 23, 2005. R. 10-22. Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date.

---

[1] Plaintiff's last insured date is June 30, 2003. R. 325.

2

2. The medical evidence establishes that the claimant has obesity, coronary artery disease, diabetes, and allergies which are "severe" impairments as defined in the regulations.

3. Claimant's impairments are not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (20 C.F.R. § 404.1520).

4. The claimant has retained the residual functional capacity to perform light work, as defined in the regulations, with restrictions that require occasional balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; avoidance of hazards such as unprotected heights and dangerous machinery; and an environment free from concentrated exposure to dust and temperature extremes. (20 C.F.R. § 404.1545). The claimant's impairments do not prevent her from performing her past relevant work as a motel laundry worker or housekeeper or other work existing in significant numbers in the national economy.

R. 21-22. Because the ALJ determined that Plaintiff could perform her past relevant work as generally performed in the national economy, the sequential evaluation process stopped, see 20 C.F.R. § 404.1520(a)(4)(iv), and the ALJ concluded that Plaintiff "was not under a 'disability' as defined in the Social Security Act and regulations, at any time through the date of [the] decision (20 CFR § 404.1520)." R. 22.

When the AC denied Plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. R. 6-8. Having failed to convince the AC to review her case, Plaintiff filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal or remand of that adverse decision. Plaintiff now argues that the ALJ failed to (1) order a consultative examination regarding her mental impairments, and (2) properly evaluate her mental impairments in accordance with the special technique described in 20 C.F.R. § 404.1520a. (Doc. no. 5, p. 1).

3

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary

evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Consultative Examination

Plaintiff first contends that the ALJ erred in failing to order a consultative examination with regard to her mental impairments. (Doc. no. 5, p. 5). Plaintiff claims that her testimony that (1) she was taking Zoloft, (2) she was having periods of nervousness and depression, and (3) she could not pay the bill to continue counseling or therapy, indicates that the ALJ erred in not ordering an examination. (Id. at 6).

The Commissioner responds that there was no medical evidence that suggested that Plaintiff suffered from any psychological condition or that Plaintiff was receiving treatment for such a condition prior to her last insured date. (Doc. no. 7, p. 5). In reply, Plaintiff argues that there was sufficient evidence in the record to warrant a consultative examination. (Doc. no. 11, pp. 1-2).

5

"It is not unreasonable to require the claimant, who is in a better position to provide information about [her] own medical condition, to do so." Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The absence of evidence in the record showing severe mental impairment is not due to any fault of the ALJ, and absent any showing that additional evidence was needed to render a decision based upon substantial evidence, the Court will not penalize the Commissioner for Plaintiff's failure to produce relevant evidence. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003)("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations and internal quotation marks omitted)); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (noting that in fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to obtain additional information by ordering a consultative examination unless the record establishes that such an examination is necessary to enable an ALJ to render an informed decision); Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988) (same).[2]

There was little evidence in the record regarding Plaintiff's mild depression. Aside from two medical records, one noting that Plaintiff was taking Zoloft and the other noting that Plaintiff had a history of mild depression, there were no medical records from any doctors diagnosing or treating Plaintiff's depression. See R. 145, 259. Although Plaintiff

---

[2] The regulations also provide that the ALJ may order a consultative examination when warranted. See 20 C.F.R. § 404.1517.

briefly testified that she was having problems with depression, she also stated that the medication that she was taking was effective. R. 336-37.

Additionally, the ALJ discussed the fact that Plaintiff had testified that she had a nervous breakdown after her bypass surgery, and although she could not afford a therapist, the Zoloft she was taking was effective for her nerves. R. 17. The ALJ also noted that "[t]he medical evidence does not show she had a nervous breakdown or that she has required mental health counseling." R. 17-18. Further, the ALJ determined that Plaintiff's mental status examination revealed no abnormalities. R. 18. Specifically, the ALJ stated that "[t]here was no evidence of bipolar or manic syndromes or any significant problems with anhedonia, appetite disturbance, decreased energy, feelings of guilt, thoughts of suicide, hallucinations, delusions, or easy distractibility. There is no evidence that she experiences recurrent and severe psychological disturbances." R. 18-19. Therefore, based on this lack of evidence, the ALJ concluded that Plaintiff's mild depression was not a severe impairment. See R. 21.

Based on (1) the limited amount of evidence in the record regarding Plaintiff's depression, (2) the fact that Plaintiff stated that the Zoloft was helping, (3) the fact that the ALJ extensively discussed the medical evidence concerning Plaintiff's nerves and depression, and (4) the fact that the ALJ specifically concluded that Plaintiff did not have a severe mental impairment, the record did not indicate that a consultative examination was necessary for the ALJ to render a decision as to Plaintiff's disability. Accordingly, the ALJ did not err in failing to order a consultative examination.

### B.      Special Technique in 20 C.F.R. § 404.1520a

Next, Plaintiff contends that the ALJ failed to evaluate her mental impairment in accordance with the special technique outlined in 20 C.F.R. § 404.1520a(c). (Doc. no. 5, p. 7). The Commissioner responds that the ALJ did, in fact, follow the sequential evaluation process set forth at 20 C.F.R. § 404.1520a. (Doc. no. 7, p. 6). The Commissioner has the better argument.

When evaluating a mental impairment, the ALJ must follow the special technique outlined in 20 C.F.R. § 404.1520a. The special technique assesses (1) the severity of the impairments, (2) whether the impairments met any of the Listings (Appendix 1, Subpart P, Regulation No. 4), and (3) whether the impairments impacted Plaintiff's residual functional capacity. 20 C.F.R. § 404.1520a(b)-(d). As specified in the AC's Remand Order in this case, § 404.1520a(c) requires the ALJ to rate a claimant's degree of functional mental limitation in four areas: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. § 404.1520a(c)(3). The degree of limitation in the first three functional areas is based on a five-point scale: None, mild, moderate, marked, and extreme. Id. § 404.1520a(c)(4). The degree of limitation in the functional area of episodes of decompensation, a four-point scale is used: None, one or two, three, four or more. Id. "The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity." Id.

In Moore v. Barnhart, the Eleventh Circuit held "that where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a [Psychiatric Review Technique Form], append it to the decision, or incorporate

8

its mode of analysis into his findings and conclusions. Failure to do so requires remand." Moore, 405 F.3d 1208, 1214 (11th Cir. 2005) (*per curiam*).

In the case at bar, the ALJ specifically cited the special technique outlined in 20 C.F.R. § 404.1520a in his written decision and outlined the scales used for the four functional areas. R. 19. Moreover, the ALJ complied with his obligations under Moore by incorporating the special technique analysis into his own findings and conclusions. Specifically, the ALJ stated as follows:

> I have discussed above the medical evidence concerning the claimant's nerves and depression and find that the evidence . . . substantiates that such disorder results in no restrictions of activities of daily living, no difficulties in maintaining social functioning, and only mild difficulties in maintaining concentration, persistence or pace on complex tasks. I find no evidence of episodes of related decompensation of extended duration. Her mental impairment does not impose limitations meeting any of the "C" criteria.

R. 19-20. Accordingly, there is substantial evidence in the record to support the conclusion that the ALJ properly evaluated Plaintiff using the special technique in 20 C.F.R. § 404.1520a(c).

## IV. CONCLUSION

For the reasons described above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 25th day of October, 2006, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

9